UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIM CHURCH OF GOD, a Washington non-profit corporation; and ROMEO FULGA,<br><br>Plaintiffs,<br><br>v.<br><br>HILDA SOLIS, Secretary of the United States Department of Labor, et al.,<br><br>Defendants. | CASE NO. C10-1001RSM<br><br>ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT |

This matter is before the Court for consideration of the parties cross-motions for summary judgment. Dkt. ## 17, 22. Plaintiffs Elim Church of God ("Elim") and Romeo Fulga filed this action for a declaratory judgment and injunctive and mandamus relief, seeking favorable Court action regarding an immigrant visa petition filed by Elim on behalf of Romeo Fulga. By filing cross-motions for summary judgment, the parties are in agreement that there are no material facts in dispute, and the matter may be determined as a matter of law. The Court deems oral argument unnecessary. For the reasons set forth below, plaintiffs' motion for summary judgment shall be denied, and defendants' motion shall be granted.

## FACTUAL BACKGROUND

Plaintiff Romeo Fulga is a native and citizen Romania. He came to the United States in 1991 on an F-1 student visa to obtain a bachelor's degree in Biblical Studies at Pensacola Christian College in Pensacola, Florida. Declaration of Romeo Fulga, Dkt. # 18, ¶ 2. After two years his financial support

ORDER - 1

was depleted, and he began a series of transfers to other colleges where he could continue his religious studies. *Id.*, ¶ 3. He married in 1995, and in 1997 Mr. Fulga and his wife moved to Bellevue, Washington. *Id.* ¶¶ 4, 5.

Plaintiff began attending Elim Church of God in 2000, and hoped he would eventually be able to work there as a pastor. *Id.*, ¶ 6. To that end, Elim submitted an Application for Alien Employment Certification to the United States Department of Labor on April 3, 2002. Declaration of Ovidiu Piscuc, Dkt. # 19, ¶ 10. The application was approved and Elim received the labor certification dated July 1, 2002. *Id.*, ¶ 11. Elim then prepared an Immigrant Petition for Alien Worker ("I-140 petition") naming Mr. Fulga as the beneficiary. *Id.,* ¶ 14 and Exhibit D. Over the next several years, the attorney representing Elim and Mr. Fulga in the application process requested that they provide additional documentation of the church's ability to pay Mr. Fulga. *Id.*, ¶ 15; Declaration of Romeo Fulga, Dkt. # 18, ¶¶ 16-21. In the summer of 2005, plaintiffs learned that the I-140 petition had not yet been submitted, *Id.*, ¶ 21. Attorney Bart Klein recommended that Mr. Fulga find another church to sponsor him, and that he should submit an I-360 petition for religious workers instead of the I-140. He also recommended that Elim begin paying Mr. Fulga a salary, which it did for the years 2006 and 2007. *Id.*, ¶¶ 22, 23.

Frustrated with a lack of response from their attorney, plaintiffs contacted a new attorney in Georgia in January 2008. *Id.* ¶¶ 25-27. They paid him a fee of $7500 in June 2008, but shortly thereafter this attorney stopped answering phone calls. *Id.*, ¶ 27. Plaintiffs then retained a third attorney in December 2008. This new attorney, who now represents plaintiffs in this action, advised them that the labor certification had expired January 12, 2008, based on an intervening change in the applicable rules, and could no longer serve as the basis for an I-140 petition. *Id.*, ¶ 28.

Plaintiffs filed this action seeing declaratory and injunctive relief, and a finding that the retroactive application of a rule change was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. Plaintiffs also ask that the Department of Labor be estopped from enforcing the revised regulation against them.

The parties have agreed in their cross-motions that this case may be resolved on summary judgment. Plaintiff has framed the question of law, which involves "the retroactive application of a rule

by the Department of Labor which deprived the Plaintiffs of the right to achieve immigration benefits granted to them in 2002." Plaintiff's Motion for Summary Judgment, Dkt. # 17, p. 1. Defendants contend in their motion that the rule in question was properly promulgated and that it has no impermissible retroactive effect, so they are entitled to judgment as a matter of law. Defendants' Cross-Motion for Summary Judgment, Dkt. # 22, p. 1. The Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedure Act, 5 U.S.C. § 706 ("APA").

## ANALYSIS

The Immigration and Naturalization Act ("INA"), codified under Title 8 of the United States Code, and its accompanying regulations, sets out a three-step process for obtaining an employment-based immigrant visa. The process consists of (1) issuance of a labor certification from the Department of Labor ("DOL"), (2) classification of the foreign worker by United States Citizenship and Immigration Services ("USCIS") in the appropriate preference category, and (3) issuance of a visa (if the alien is outside of the Unites States) or the approval of an adjustment of status (if alien has already been admitted to the United States.)

The first stage of this process involves the certification by DOL that the issuance of an employment-based visa and admission of the alien worker to the United States will not have an adverse affect to the American labor force. The relevant statute provides that in order for an alien to obtain an employment-based immigrant visa for entry into the United States, the DOL must first certify to the Secretary of State and the Attorney General that:

> (I) There are not sufficient United States workers who are able, willing, qualified . . . and available at the time of application for a visa and admission to the United States and at the place where the alien is to perform such skilled or unskilled labor; and
>
> (II) the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed.

8 U.S.C § 1182(a)(5)(A)(i) (I-II). The Secretary of Labor has promulgated regulations governing the administration of the labor certification process, found generally at 20 C.F.R. § 656. Prior to March 28, 2005, an employer applied for labor certification by filing an Application for Alien Employment Certification (Form ETA-750). 20 C.F.R. § 656.21 (2001).

ORDER - 3

Plaintiffs' 2002 labor certification was obtained under the predecessor regulation. The regulation at that time provided that "[e]xcept as provided in paragraph (d) of this section, a labor certification is valid indefinitely." 20 C.F.R. § 656.30(a) (2001). However, in 2007, the DOL modified its regulations regarding the time period a labor certification remained valid. The 2007 regulation states in relevant part:

> (1) An approved permanent labor certification granted on or after July 16, 2007 expires if not filed in support of a Form I-140 petition with the Department of Homeland Security within 180 calendar days of the date the Department of Labor granted the certification.
>
> (2) An approved permanent labor certification granted before July 16, 2007 expires if not filed in support of a Form I-140 petition with the Department of Homeland Security within 180 calendar days of July 16, 2007.

20 C.F.R. § 656.30(b) (2007). Pursuant to this regulation, plaintiffs' 2002 labor certification expired 180 days after July 16, 2007, on January 12, 2008. As plaintiffs' attorney advised them in December, 2008, the USCIS will reject a visa petition filed with an expired labor certification.

Plaintiffs contend that they had a vested right in a labor certification that was valid "indefinitely," and that its expiration by operation of the 2007 rule, without notice to them, amounts to an impermissible retroactive application. They contend that DOL lacks the authority to issue rules that operate retroactively absent statutory authority to do so. Plaintiffs' Complaint, Dkt. # 1, ¶¶ 5.3, 5.7. Such retroactive enforcement of the amended regulation, they argue, constitutes an abuse of discretion under the APA. *Id., ¶* 5.6.

In considering plaintiffs' contentions, the Court applies the two-step analysis set forth in *Landgraf v. USI Film Products*, 511 U.S. 224 (1994), to determine whether the regulation at issue is impermissibly retroactive. As originally formulated for addressing statues, the first step requires a determination as to whether Congress has clearly expressed that the law is to be applied retroactively. *Landgraf*, 511 U.S. at 280. If the statute or regulation does not contain an express command that it be applied retroactively, the Court must go to the second step, which requires a determination as to whether the statute or regulation would have a retroactive effect. *Id.* When, as here, an administrative rule is at

ORDER - 4

issue, this inquiry is framed slightly differently: whether Congress has expressly conferred power on the agency to promulgate rules with retroactive effect, and if so, whether the agency clearly intended that the rule would have retroactive effect. *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 208 (1988).

The parties have cited no statutory provision that would indicate Congress has conferred on DOL the power to make retroactive rules regarding labor certifications. Therefore, the analysis proceeds to the second step, which is consideration of whether 8 C.F.R. § 656.30(b) has an impermissible retroactive effect.

A law is not unlawfully retroactive merely because it upsets expectations based in prior law. *Landgraf,* 511 U.S. at 269. Instead, retroactivity generally involves the imposition of "a new disability consequent to a completed act." *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 45 (2006). "A [regulation] has retroactive effect when it 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.' " *INS v. St. Cyr*, 533 U.S. 289, 321 (2001) (citations omitted). "[T]he judgment whether a particular [regulation] acts retroactively 'should be informed and guided by "familiar considerations of fair notice, reasonable reliance, and settled expectations." ' " *Id.*; *see also Mejia v. Gonzalea*, 499 F. 3d 991, 997 (9th Cir. 2007).

It is plaintiffs' contention that they had a settled expectation in the continued validity of the 2002 labor certification, because as issued it was valid indefinitely. Plaintiffs base this argument on several dictionary definitions of the word "indefinitely," indicating that it means "for a period of time with no fixed end." Plaintiff's Response, Dkt. # 23, pp. 4-6. Plaintiffs contend that a reasonable person would conclude from this that the labor certification approved by the DOL was "not subject to any time related deadline." *Id.*, p. 23. Plaintiffs would thus have the Court equate the term "indefinitely" with "endlessly." However, that is a strained interpretation of the term "indefinitely." The fact that a certification is "valid indefinitely" does not mean it is valid "forever;" a reasonable person would understand that an indefinite period is uncertain and subject to limitation at some point. This is particularly so where the underlying statute, which established the requirement for a labor certification,

ORDER - 5

clearly requires a determination that there are not sufficient qualified workers **available at the time of application for a visa.** 8 U.S.C. § 1182(a)(5)(A)(i)(I) (emphasis added). It was not reasonable for plaintiffs to expect that a determination made in 2002, based on conditions existing in the labor market at that time, would still support an I-140 visa application submitted more than six years later. As one court recently noted, the promulgation of § 636.30(b) simply brought the labor certification requirements into compliance with the "textual mandate" of 8 U.S.C. § 1182(a)(5)(A)(i)(I), thus furthering a Congressional purpose of protecting United States workers. *Durable Manufacturing Co., v. United States Department of Labor*, 578 F. 3d 497, 502 (7th Cir. 2009).

Plaintiffs also contend that it was an abuse of discretion for DOL to apply the 2007 regulation to them, as they had no notice of the potential expiration of the 2002 certification. This argument is without merit. Plaintiffs received legally sufficient notice of the change by publication of the proposed rule change and notice of the final rule in the Federal Register. 71 Fed.Reg. 7656, 7663 (DOL) Feb. 13, 2006; 72 Fed.Reg. 27904, 27946 (DOL) (May 17, 2007). The final rule went into effect sixty days after publication, effectively giving plaintiffs an additional two months, beyond the 180 days provided in the rule, to file their labor certification in support of an I-140 visa petition. It appears that it was former counsel's lack of diligence, rather than a lack of notice, which led plaintiffs' failure to timely submit their visa application.

Applying the "familiar considerations of fair notice, reasonable reliance, and settled expectations," the Court finds that the 2007 regulation did not have an impermissibly retroactive effect. Plaintiffs had legally sufficient notice of the 2007 regulation and its potential effect on the validity of their 2002 labor certification. In light of that notice, they had no reasonable basis for reliance on the continued validity of that certification beyond January of 2008. Further, the regulation did not impose "a new disability consequent to a completed act." *Fernandez-Vargas v. Gonzales*, 548 U.S. at 45. Securing the labor certificate was not a completed act but merely the first step in a three-step process for obtaining an I-140 visa. Their failure to timely complete the process is attributable to factors wholly outside the 2007 regulation.

Plaintiffs contend that this case is controlled, to their benefit, by Ninth Circuit precedent on

ORDER - 6

retroactivity of labor certification regulations, citing *Maceren v. INS*, 509 F. 2d 924 (9th Cir. 1974). In *Maceren*, a native and citizen of the Philippines was denied a visa because the labor certification supporting the petition he filed had expired while the petition was pending, due to the retroactive application of a modification to a DOL rule, 29 C.F.R. § 60.5(b). The modification, dated February 4, 1971, invalidated a labor certification one year after the date it was actually made, and required re-validation after that date. A separate regulation in the INA rules was revised March 30, 1971 to insert provisions regarding an alien's right to proceed with a visa application "so long as the supporting labor certification is valid and unexpired. . ." 8 C.F.R. § 204.4(b) (1971). *See, Maceren*, 509 F. 2d at 937-38. The appellate court found that the INS interpretation of the interaction of the two revised provisions led to an incongruous situation, and rejected the interpretation as producing an "unjust, unreasonable, or absurd result." *Id.* at 941. Finding that the retroactivity provisions of § 60.5(b) and § 204.4(b), were "irreconcilable," the court determined that the earlier regulation must give way to the later in time, and held that 29 C.F.R. § 60.5(b) could not be applied retroactively to invalidate Maceren's labor certificate. *Id*.

The decision in *Maceren* is clearly inapplicable to this case, where there is neither an irreconcilable conflict between two regulations, nor an absurd result. In *Maceren*, the labor certification expired by operation of newly-promulgated 29 C.F.R. § 60.5(b) while the visa application was pending. Here, plaintiffs had not yet submitted Mr. Fulga's I-140 visa application at the time the labor certification expired in 2008. Beginning with the first publication of notice of the proposed rule in the Federal Register, plaintiffs were advised that they may have a limited time to complete steps two and three of the I-140 visa application process, if they wished to use the 2002 labor certification. With the publication of the final notice on May 17, 2007, they were advised that they had eight months to act on the labor certification they had already obtained, or would have to seek a new one. Because they had notice of the change and ample time to act, the Court cannot find the unjust result that obtained in *Maceren.*

While there does not appear to be any Ninth Circuit authority directly on point, the Court notes that the Seventh Circuit *Durable Manufacturing* case, cited above, addresses the situation here. The

ORDER - 7

court found that the promulgation of § 656.30(b) was within the statutory authority of DOL, and not impermissibly retroactive. *Durable Manufacturing v. United States Department of labor*, 578 F. 3d at 502. While this Court has conducted its own analysis of the issues, it finds the *Durable Manufacturing* case consistent with its conclusions.

Finally, although plaintiffs' complaint invokes the jurisdiction of this Court under the APA, 5 U.S.C. § 706, and asserts that the agency action should be set aside as an abuse of discretion, they have not advanced in their motion for summary judgment any arguments under that section, separate from the retroactivity argument addressed herein. Nor have they advanced any argument or legal authority for their estoppel claim. The Court therefore need not reach these issues.

## CONCLUSION

The Court finds that 29 C.F.R. § 656.30(b) is not impermissibly retroactive as applied to plaintiffs. Accordingly, plaintiffs' motion for summary judgment (Dkt. # 17) is DENIED. Defendants' cross-motion for summary judgment (Dkt. # 22) is GRANTED, and this action is DISMISSED. The Clerk shall enter judgment in favor of defendants and close this case.

Dated this 21 day of November 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE